BILL LOCKYER Attorney General SUSAN DUNCAN LEE Deputy Attorney General
CITIZENS FOR FISCALLY RESPONSIBLE GOVERNMENT request leave to sue in quo warranto upon the following question:
Are Paul Bowlen and John Crawley unlawfully serving as members of the Cerritos City Council due to seeking reelection within two years of serving two consecutive terms on the city council contrary to the provisions of the city charter?
 CONCLUSION
Whether Paul Bowlen and John Crawley are unlawfully serving as members of the Cerritos City Council due to seeking reelection within two years of serving two consecutive terms on the city council contrary to the provisions of the city charter does not present a substantial issue of fact or law requiring judicial resolution.
 ANALYSIS
The City of Cerritos ("Cerritos") is a charter city. Pursuant to the city charter, "any council member who has served two consecutive four year terms shall not be eligible, for a period of two years, to seek reelection or be appointed to the Cerritos City Council." Citizens for Fiscally Responsible Government ("Relator") alleges that Paul Bowlen and John Crawley ("Defendants") have violated this city charter provision by seeking reelection without waiting the requisite two years after serving two consecutive terms on the city council. Relator requests that we grant leave to sue in quo warranto to remove Defendants from office. Relator's application is denied.
Code of Civil Procedure section 803 provides in part:
 "An action may be brought by the attorney-general, in the name of the people of this state, upon his own information, or upon a complaint of a private party, against any person who usurps, intrudes into, or unlawfully holds or exercises any public office . . . within this state."
An action filed under the terms of this statute is known as a "quo warranto" action; it is the proper remedy to test title to public office. (See, e.g., 86 Ops.Cal.Atty.Gen. 205 (2003) [member of county board of supervisors]; 86 Ops.Cal.Atty.Gen. 194 (2003) [school district board member]; 85 Ops.Cal.Atty.Gen. 239 (2002) [community services district director]; 85 Ops.Cal.Atty.Gen. 90 (2002) [city council member]; 81 Ops.Cal.Atty.Gen. 304 (1999) [city police chief]; 76 Ops.Cal.Atty.Gen. 81 (1993) [water district director].)
We employ a two-part test to determine whether to grant leave to sue in quo warranto: (1) is there presented a substantial question of fact or law appropriate for judicial resolution, and if so (2) is the overall public interest served by allowing the quo warranto action to be prosecuted? (85 Ops.Cal.Atty.Gen. 101, 102 (2002); 83 Ops.Cal.Atty.Gen. 181, 182 (2000); 81 Ops.Cal.Atty.Gen. 98, 101 (1998).)
The relevant facts are not in dispute. Cerritos is governed by a city council consisting of five members. Council members are elected for four-year terms on a staggered basis, with municipal elections held in every odd-numbered year. Thus, two council members are elected at the same time, and three are elected at the next election, two years later.
At the November 1986 General Election, Cerritos voters adopted Proposition H, amending the city charter as follows:
 "This proposed amendment provides that any council member who has served two consecutive four year terms shall not be eligible, for a period of two years, to seek reelection or be appointed to the Cerritos City Council. This amendment will not affect the term of any council member presently in office. This amendment will become effective at the first city council election following its adoption."
Defendant Bowlen was elected to two consecutive terms on the city council, 1989-1993 and 1993-1997, and was reelected to the city council for the terms 1999-2003 and 2003-2007. Defendant Crawley was elected to two consecutive terms as a member of the city council, 1991-1995 and 1995-1999, and was reelected to the city council for the term 2001-2005.
Relator construes the city charter as prohibiting a city council member who has served two consecutive terms from taking any steps toward becoming a candidate within the next two years. Relator asserts that "to seek" reelection, as specified in the city charter, is not the same as being "elected to" or "serving on" the council. The term "seek" commonly means "to try to acquire or gain." (Webster's 3d New Internat. Dict. (2002) p. 2055.) This interpretation of the city charter effectively imposes a four-year period of ineligibility between the end of the second consecutive term and the beginning of the person's next term.
Defendants, on the other hand, maintain that the city charter makes a council member, who has served two consecutive terms, ineligible for only two years before being able to begin serving his or her next term of office. Defendants' interpretation of the city charter effectively requires only one two-year election cycle before serving the next term.
The principles to be applied in interpreting the language of a city charter are the same rules that apply to any other voter-approved measure such as a proposed constitutional amendment. (See Woo v. Superior Court (2000) 83 Cal.App.4th 967, 974; Currieri v. City of Roseville (1970)4 Cal.App.3d 997, 1001.) The primary goal in construing voter-approved measures is to effectuate the intent of the electorate. (Lungren v. Deukmejian (1988) 45 Cal.3d 727, 735; Woo v. Superior Court, supra,83 Cal.App.4th at p. 975.) A recognized aid in ascertaining voter intent is the ballot pamphlet containing the information and arguments relied upon by the electorate in adopting the language in question. (Raven v. Deukmejian (1990) 52 Cal.3d 336, 349; Woo v. Superior Court, supra,183 Cal.App.4th at p. 976.)
In this case, the 1986 ballot pamphlet contained the city attorney's analysis of Proposition H, which stated in part:
 "The proposed measure would amend the City's charter to limit the number of consecutive terms which a person may serve on the City Council. After serving two consecutive four-year terms, a person could not serve on the Council, whether by election or appointment, for two years. At the end of that two-year period, such a person would again be eligible to become a member of the Council, and could again serve a maximum of two consecutive terms." (Los Angeles County Sample Ballot and Voter Information Pamp., Gen. Elec. (Nov. 4, 1986), analysis of Proposition H by city attorney, p. 24.)
Two aspects of this analysis by the city attorney are noteworthy. First, the analysis describes the effect of the charter amendment in terms of a person's eligibility to "serve" on the city council and not in terms of the person's eligibility to take preparatory steps toward reelection, such as establishing a campaign committee or filing the necessary papers to become a candidate. Second, the analysis refers to the ineligibility period as "two years," and not four years.
From this ballot pamphlet material, it is clear that the charter provision makes a candidate ineligible only for actual service on the city council for a two-year period. Cerritos voters were not told that the effective period of ineligibility would be four years. Consequently, we believe that the voters' intent in adopting Proposition H was to allow former city council members to take office after a two-year hiatus.
We find support for our construction of the Cerritos City Charter in well — established principles affirming the right to hold public office. Holding public office is a fundamental aspect of citizenship and may be curtailed only when the law clearly so provides. (Carter v. Com. on Qualifications, etc. (1939) 14 Cal.2d 179, 182; People ex rel. Foundation for Taxpayer Consumer Rights v. Duque (2003) 105 Cal.App.4th 259,265-266; Lungren v. Davis (1991) 234 Cal.App.3d 806, 830-831; Helena Rubenstein Internat. v. Younger (1977) 71 Cal.App.3d 406, 418; 79 Ops.Cal.Atty.Gen. 243, 247-248 (1996).) Any ambiguity affecting the right to hold public office is resolved in favor of the eligibility to serve. (Carter v. Com. on Qualifications, etc., supra, 14 Cal.2d at p. 182; People ex rel. Foundation for Taxpayer Consumer Rights v. Duque, supra, 105 Cal.App.4th at p. 266; Woo v. Superior Court, supra,83 Cal.App.4th at p. 977; Helena Rubenstein Internat. v. Younger, supra, 71 Cal.App.3d at p. 418; 79 Ops.Cal.Atty.Gen., supra, at p. 247.) Here, application of these principles calls for construing the Cerritos City Charter as imposing only a two-year period of ineligibility prior to serving the next term of office.
Even if Relator's interpretation of the city charter presented a substantial question of fact or law appropriate for judicial resolution, we note that an action in quo warranto may be filed "only to right an existing wrong and not to try moot questions." (People v. City of Whittier (1933)133 Cal.App. 316, 324.) The legal issue presented by Relator-whether the Cerritos City Charter mandates a two-year or four-year period of ineligibility -is now moot in the case of Defendant Bowlen and is about to become moot in the case of Defendant Crawley.
After a two-year hiatus from the city council, Defendant Bowlen was reelected in 1999 to a term of office that expired in 2003. He is now serving a second consecutive term that will end in 2007. Thus, even if Relator's interpretation of the city charter were sound, Defendant Bowlen's alleged unlawful term of office began in 1999 and expired in 2003. We have repeatedly declined to grant leave to sue in a quo warranto proceeding where the alleged unlawful term of office has expired, or the question of unlawfulness has become moot by subsequent events. (See, e.g., 87 Ops.Cal.Atty.Gen. 30, 34-35 (2004); 84 Ops.Cal.Atty.Gen. 206, 207 (2001); 72 Ops.Cal.Atty.Gen. 63, 71 (1989); 25 Ops.Cal.Atty.Gen. 223, 224 (1955).)
With respect to Defendant Crawley, after a two-year hiatus from the city council, he was reelected in 2001 to a term of office that will expire in March 2005. Accordingly, there are only a few months remaining on his four-year term, and at the expiration of the current term, Relator's proposed interpretation of the city charter will become moot as to him. Moreover, even if he were again reelected, the next term would not be affected by Relator's construction of the city charter. We have repeatedly declined to grant leave to sue in quo warranto in situations where so little time remained of a disputed term of office that, for all practical purposes, judicial proceedings would not be concluded before the expiration of the term. (See, e.g., 83 Ops.Cal.Atty.Gen., supra, at pp. 184-185; 82 Ops.Cal.Atty.Gen. 6, 11 (1999); 75 Ops.Cal.Atty.Gen. 10, 14 (1992).)
Relator's application for leave to sue in quo warranto is therefore DENIED.